UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JULIUS EHRMANN,

                Plaintiff,

-against-

OPINION & ORDER
16-CV-00515 (JFB)(ARL)

ANTHONY J. ANNUCCI, HON. C. RANDALL HINRICHS,
THOMAS SPOTA,

                Defendants.
----------------------------------------------------------------X

JOSEPH F. BIANCO, District Judge:

On January 15, 2016, incarcerated *pro se* plaintiff Julius Ehrmann ("plaintiff") filed an *in forma pauperis* civil rights complaint against Anthony J. Annucci, Acting Commissioner, New York State Department of Corrections and Community Supervision ("Comm. Annucci"), Suffolk County District Administrative Judge C. Randall Hinrichs ("Hon. Hinrichs"), and Suffolk County District Attorney Thomas Spota, ("D.A. Spota") (together, "defendants") pursuant to 42 U.S.C. § 1983 ("Section 1983") together with an application to proceed *in forma pauperis*.

Upon review of the declaration accompanying plaintiff's application to proceed *in forma pauperis*, the Court finds that plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. *See* 28 U.S.C. § 1915(a)(1). Accordingly, plaintiff's application to proceed *in forma pauperis* is granted. However, for the reasons that follow, plaintiff's claims against Hon. Hinrichs and D.A. Spota are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii), 1915A(b), and plaintiff's claims for monetary damages against Comm. Annucci are also dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) (ii)-(iii), 1915A(b). Plaintiff's remaining claim for prospective injunctive relief against Comm. Annucci is dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). Plaintiff is granted

leave to file either: (1) a habeas petition pursuant to 28 U.S.C. § 2254 if appropriate; or (2) an amended complaint re-pleading his Section 1983 claim against Comm. Annucci seeking prospective injunctive relief in accordance with this Order.

BACKGROUND

Plaintiff's complaint is submitted on the Court's Section 1983 complaint form and seeks to challenge the imposition of post-release supervision on his May 3, 2000 sentence (the "original sentence") to a period of incarceration without post-release supervision on an underlying state court criminal case.[1] (Compl. ¶ IV.) Plaintiff alleges that although his original sentence did not include post-release supervision, he was violated on three occasions (May 18, 2005, October 11, 2006, and January 14, 2008). (*Id.*) Plaintiff alleges that he received a letter from Comm. Annucci in May 2008 stating that because the sentencing minutes or commitment papers do not reflect that plaintiff's sentence included post-release supervision, plaintiff's case was being sent back to Suffolk County Court for re-sentencing. (*Id.*) In the space on the complaint form that calls for a description of any claimed injuries and any medical treatment that was required and/or provided, plaintiff wrote "[a]s a result of this unlawful post release supervision time as a result to all this I am under going mental health treatment for anxiety & depression & ADHD." (*Id.* at ¶ IV.A.) For relief, plaintiff seeks a monetary damages award in total sum of ten (10) million dollars and wants "this unlawful practice [] to be stopped." (*Id.* ¶ V.)

---

[1] All material allegations in the complaint are presumed to be true for the purpose of this Order. *See, e.g., Rogers v. City of Troy*, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a *pro se* complaint for *sua sponte* dismissal, a court is required to accept the material allegations as true).

2

## DISCUSSION

I. Sufficiency of the Pleadings

    A. Legal Standard

It is axiomatic that district courts are required to read *pro se* complaints liberally, see *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010), and to construe them "'to raise the strongest arguments that [they] suggest[ ],'" *Chavis*, 618 F.3d at 170 (quoting *Harris v. City of New York*, 607 F.3d 18, 24 (2d Cir. 2010)). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010), *aff'd*, 133 S. Ct. 1659 (2013) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 678-79 (citation omitted).

Notwithstanding a plaintiff's *pro se* status, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *accord Wilson v. Merrill Lynch & Co.*, 671 F.3d 120, 128 (2d Cir. 2011). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

B. Immunity

1. Eleventh Amendment

The Eleventh Amendment bars plaintiff's claims against the defendants in their official capacities. The Eleventh Amendment to the United States Constitution provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI. "'The reach of the Eleventh Amendment has . . . been interpreted to extend beyond the terms of its text to bar suits in federal courts against states, by their own citizens or by foreign sovereigns . . . .'" *State Employees Bargaining Agent Coalition v. Rowland*, 494 F.3d 71, 95 (2d Cir. 2007) (quoting *W. Mohegan Tribe & Nation v. Orange Cnty.*, 395 F.3d 18, 20 (2d Cir. 2004)) (alterations in original). Thus, absent a state's consent to suit or an express statutory waiver, the Eleventh Amendment bars federal court claims against states. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). Eleventh Amendment immunity also extends to suits against state officers in their official capacities, regardless of the nature of the relief sought. *See id.* at 71 ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." (internal citation omitted)); *McNamara v. Kaye*, No. 06-CV-5169, 2008 WL 3836024, at *8 (E.D.N.Y. Aug. 13, 2008) ("[L]awsuits against state officers acting [in] their official capacity and lawsuits against state courts are considered to be lawsuits against the state."); *Whitfield v. O'Connell*, 09-CV-1925, 2010 WL 1010060, at *4 (S.D.N.Y. Mar. 18, 2010) ("[B]ecause Section 1983 does not abrogate a state's sovereign immunity and the State of New York has not waived its immunity, claims against the DOCS for both monetary and injunctive relief are barred under the Eleventh Amendment.") (citations omitted); *Smith v. Paterson*,

4

08-CV-3313, 2010 WL 4359225, at *3 (S.D.N.Y. Nov. 3, 2010) ("Neither the fact that individuals and not the state are named as defendants in this action, nor the fact that plaintiff's characterize the nature of the relief sought as equitable, overcomes the Eleventh Amendment bar.") (citing *Edelman v. Jordan*, 415 U.S. 651, 666-68 (1974)).2

Here, Comm. Annucci, Hon. Hinrichs and D.A. Spota are state officers and are immune from suit under the Eleventh Amendment. *Ying Jing Gan v. City of New York*, 996 F.2d 522, 536 (2d Cir. 1993) ("When prosecuting a criminal matter, a district attorney in New York State, acting in a quasi-judicial capacity, represents the State not the county" (citation omitted)); *Henrius v. Cnty. of Nassau*, 13-CV-1192 (SJF)(SIL), 2016 WL 1171598, at *3-4 (E.D.N.Y. Mar. 24, 2016) (dismissing claims against Comm. Annucci as barred by the Eleventh Amendment); *Banks v. Annucci*, 48 F. Supp. 3d 394, 406 (N.D.N.Y. 2014) (same); *New York State Court Clerks Ass'n v. Unified Court Sys. of the State of New York*, 25 F. Supp. 3d 459, 467 (S.D.N.Y. 2014) (dismissing Section 1983 claims because "[t]he Eleventh Amendment [b]ars the [c]laims [a]gainst the [s]tate [j]udges."). Thus, because these defendants are state officers and because New York state has not waived its sovereign immunity for suits under § 1983, these defendants are immune from suit in their official capacity.3 Accordingly, plaintiff's claims against the defendants are not plausible

---

[2] Although "a plaintiff may sue a state official acting in his official capacity - - notwithstanding the Eleventh Amendment - - for prospective, injunctive relief from violations of federal law," *State Emps. Bargaining Agent Coal. v. Rowland*, 494 F.3d 71, 95 (2d Cir. 2007) (internal quotation marks and citation omitted), such claims may proceed only where there are allegations of an ongoing violation of federal law. Here, plaintiff has not alleged that the challenged term of post-release supervision is ongoing, rather than expired. Given that plaintiff has not alleged an ongoing violation that can be remedied by Section 1983, the *Ex parte Young*, 209 U.S. 123 (1908) exception to Eleventh Amendment immunity does not preserve plaintiff's claims.

[3] Moreover, plaintiff's sparse allegations against D.A. Spota do not include any actions or omissions attributable to him. Thus, it appears that plaintiff seeks to impose liability on D.A. Spota solely based on the supervisory position he holds. Because "each defendant must have been personally involved in the alleged constitutional violation" in order to be held liable under Section 1983, *Tricoles v. Bumpus*, 05-CV-3728, 2006 WL 767897, at *3 (E.D.N.Y. Mar. 23, 2006) (citing *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) ("It is well settled in [the Second Circuit] that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal citation omitted); *see also Gill v. Mooney*, 824 F.2d 192, 196 (2d Cir. 1987), plaintiff's claims against

5

and are thus dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) (B)(ii)-(iii), 1915A(b).

        C.      Section 1983 Claim Against Comm. Annucci in his Individual Capacity Seeking Prospective Injunctive Relief

It is unclear from plaintiff's submission whether the challenged term of post-release supervision has expired. If it has not expired, plaintiff's exclusive avenue for relief from that quasi-custodial sentence is a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *Becker v. Paterson*, 09-CV-00392, 2010 WL 1186521, at *3 (N.D.N.Y. Mar. 23, 2010) ("To the extent that [the complaint], seeks declaratory judgment decreeing the post release supervision portion of his sentence null and void . . ., the complaint may be read as challenging the duration of his confinement and seeking a shorter period of detention. To this extent, the complaint is dismissed without prejudice on the ground that habeas corpus is his sole federal remedy.") (internal quotation marks and citation omitted). However, if the challenged term of post-release supervision has expired, then habeas relief is unavailable unless plaintiff can "prove the existence of concrete and continuing injury resulting from the post-release supervision." *Jenkins v. Stallone*, 11-CV-142, 2015 WL 1788713, at *4 (N.D.N.Y. Apr. 17, 2015) ("[B]ecause petitioner does not challenge his underlying conviction, no presumption of collateral consequences exists in this case, and he must prove the existence of a concrete and continuing injury resulting from the post-release supervision."); *Lewis v. N.Y.*, 08-CV-4978, 2012 WL 5419899, at *4 (E.D.N.Y. Nov. 6, 2012) ("In this case, the petition is moot because petitioner was released from post-release supervision . . ., and does not allege that he suffers from any ongoing restraints on his liberty.").

Moreover, it is unclear from the complaint whether the prospective injunctive relief plaintiff is seeking is to secure plaintiff's release from post-release supervision or to generally

---

D.A. Spota are implausible for this additional reason.

have "this unlawful practice [] stopped." (Compl. ¶ V.)  To the extent that the prospective injunctive relief requested in the complaint would not secure plaintiff's immediate or speedier release from post-release supervision, then such claim may be cognizable under Section 1983. However, because the present complaint does not state a plausible claim against Comm. Annucci for prospective injunctive relief, it is dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).  Plaintiff is granted leave to file either: (1) a habeas petition pursuant to 28 U.S.C. § 2254 if appropriate;[4] or (2) an amended complaint re-pleading his Section 1983 claim against Comm. Annucci seeking prospective injunctive in accordance with this Order. No summons shall issue at this time.

## CONCLUSION

For the reasons set forth above, plaintiff's application to proceed *in forma pauperis* is granted.  However, plaintiff's claims against Hon. Hinrichs and D.A. Spota are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii), 1915A(b), and plaintiff's claims for monetary damages against Comm. Annuci are also dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii), 1915A(b).  Plaintiff's remaining claim for prospective injunctive relief against Comm. Annucci is dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). Plaintiff is granted leave to file either: (1) a habeas petition pursuant to 28 U.S.C. § 2254 if appropriate; or (2) an amended complaint re-pleading his Section 1983 claim against Comm. Annucci seeking prospective injunctive in accordance with this Order.  No summons shall issue at this time.

The Clerk of the Court is also directed to mail a copy of this order to the *pro se* plaintiff at his last known address.

---

[4] Plaintiff is cautioned that the habeas statute has certain timeliness and exhaustion requirements, *see* 28 U.S.C. §§ 2244(d), 2254(b)(1)(A).  The Court makes no findings as to whether a petition for a writ of habeas corpus may be properly brought at this time.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: August 2, 2016
Central Islip, New York

Joseph F. Bianco
United States District Judge